An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GINA BRADY,
Appellant,
vs.
LORRAINE MILLER,
Respondent.

No. 66427

FILED

JUL 24 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-judgment district court order awarding attorney fees in a personal injury action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant Gina Brady was involved in an automobile accident with respondent, Lorraine Miller, who was insured by Farmers Insurance. After Farmers refused to pay Brady's claims, Brady sued Miller, and Farmers defended the action. Brady initially made an offer of judgment for $8,000, which was declined. The matter proceeded to court-annexed arbitration, after which the arbitrator issued an $8,197.22 award to Brady. Miller requested a trial de novo, which sent the case into the short trial program. Miller, however, did not present any evidence at the short trial. While the short trial jury was deliberating, the insurance adjuster for Farmers told counsel for Brady that he had settlement money to offer but had decided to make Brady's counsel litigate the matter and earn the recovery. The jury returned a $10,197.32 verdict for Brady. Brady subsequently moved for costs and attorney fees under NRS 18.010(2)(b), for frivolously extending the proceedings, and NRS 17.115, for beating the offer of judgment, which the district court granted in part. The district

15-22541

court awarded $3,000 of Brady's requested $27,825 in attorney fees based upon NSTR 27(b)(4). Brady appealed.

Brady argues that the NSTR 27(b)(4) cap on attorney fees is unconstitutional and violates this court's rule-making powers under NRS 2.120(1).[1] We review an award of attorney fees for an abuse of discretion, except where attorney fees issues implicate questions of law, which this court reviews de novo. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). Constitutional issues are questions of law reviewed de novo. *Nevadans for Nev. v. Beers*, 122 Nev. 930, 939, 142 P.3d 339, 345 (2006).

A threshold issue that must be addressed is whether Brady waived any argument that NSTR 27(b)(4) is unconstitutional by failing to opt out of the short trial program. "Waiver requires the intentional relinquishment of a known right." *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007). The required intent may be inferred from conduct that is "so inconsistent with an intent to enforce the right" that it is reasonable to believe that the party has relinquished the right. *Id.*

Here, NSTR 4(a)(1) provides that participation in the short trial program is mandatory after court-annexed arbitration. NSTR 5(a)(1),

---

[1]Although not briefed by either party, the parties' arguments implicate separation of powers. As we have clarified, NRS 2.120(2) is a "legislative recognition" of this court's inherent rule-making powers, not an unconstitutional limit on them. *Berkson v. LePome*, 126 Nev. 492, 499, 245 P.3d 560, 565 (2010); *State v. Second Judicial Dist. Court*, 116 Nev. 953, 961, 11 P.3d 1209, 1214 (2000). Therefore, the issue that appellant seeks to raise in this appeal is not whether NSTR 27(b)(4) violates NRS 2.120(2), but whether this court exceeded its inherent rule-making powers under the Nevada Constitution when it promulgated NSTR 27(b)(4).

SUPREME COURT
OF
NEVADA

(O) 1947A

however, provides that any party may remove a case from the short trial program by filing a demand for such removal within 10 days of service of a request for a trial de novo. After 10 days, a party may still make a motion to remove the case from the short trial program, which may be granted for good cause. NSTR 5(a)(1). Here, it is undisputed that Brady did not request that this matter be removed from the short trial program. This conduct is inconsistent with the intent to seek full attorney fees, *see Nev. Yellow Cab Corp.*, 123 Nev. at 49, 152 P.3d at 740, and we therefore hold that Brady waived any right to seek an award of attorney fees under NSTR 27(b) greater than NSTR 27(b)(4)'s cap.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]Based on NSTR 5(a)(1)'s removal provisions, we reject Brady's argument that Farmers may, with impunity, always request a trial de novo after arbitration and only be subject to the short trial program attorney fee rules.

Other avenues are also available for an award of attorney fees in the short trial program when faced with vexatious litigants, frivolous arguments or defenses, or harassment. *See* NRCP 11 (providing for sanctions for bad faith conduct, which applies to short trials under NSTR 1(c)); *cf. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that the federal courts have the inherent power to sanction litigants, including awarding appropriate attorney fees, for bad faith conduct in litigation before the court). We thus also reject Brady's argument that NRS 18.010(2)(b) should apply because it is the only remedy available to prohibit parties from behaving in a harassing manner in the short trial program.

cc:   Hon. Adriana Escobar, District Judge
Hon. Blair C. Parker, Judge Pro Tempore
Law Office of David Sampson
Upson Smith/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A